8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                No. 2:12-cr-00115-TLN

12                    Plaintiff,

13        v.                                   **ORDER DENYING DEFENDANT'S
                                               MOTION FOR RETURN OF PROPERTY**
14    ALEJANDRO MUNOZ GALVAN,

15                    Defendant.

16

17        This matter is before the Court on Defendant Alejandro Munoz Galvan's ("Defendant")

18    Motion for Return of Property. (ECF No. 179.) Defendant moves for the return of four items he

19    alleges the government possesses but has "no legal right" to possess: "$4,000 in U.S. Currency,"

20    "Passport of Veronica Galvan (Defendant's Wife)," "Laptop," and "Iphone." (ECF No. 179.)

21        The government opposes, noting Defendant listed the items without providing any

22    explanation or context, Defendant has not attempted to recover the property directly from the

23    F.B.I., and Defendant filed his motion only 10 days after the Ninth Circuit's mandate was filed

24    making the judgment in this case final. (ECF No. 181 at 1–2, 4.) The government argues the

25    Court should deny Defendant's motion without prejudice for Defendant to attempt to resolve this

26    issue by contacting the F.B.I. directly before resorting to the courts. (ECF No. 181 at 1.) For the

27    reasons discussed below, the Court DENIES without prejudice Defendant's Motion for Return of

28    Property (ECF No. 179).

1    "A person aggrieved by … the deprivation of property may move for the property's

2    return." Fed. R. Crim. P. 41(g). Rule 41(g) is equitable and a court is not required to order relief

3    if the defendant has an adequate remedy to challenge possession, such as an administrative

4    action. *United States v. U.S. Currency*, $83,310.78, 851 F.2d 1231, 1235 (9th Cir. 1988). The

5    Ninth Circuit has identified four factors that courts must consider before exercising equitable

6    jurisdiction to order the return of property when no criminal proceedings are pending: (1) the

7    government displayed a callous disregard for the constitutional rights of the movant; (2) the

8    movant has an individual interest in and the need for the property he wants returned; (3) the

9    movant would be irreparably injured by denying return of the property; and (4) the movant has an

10   adequate remedy at law for the redress of his grievance. *Ramsden v. United States*, 2 F.3d 322,

11   324–25 (9th Cir. 1993); *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

12   Defendant filed his motion after the Ninth Circuit denied his appeal and his judgment

13   became final and the government no longer required property as evidence against Defendant.

14   (ECF No. 178; ECF No. 179.) When the property is no longer needed for evidentiary purposes,

15   the defendant is presumed to have a right to the property and the government bears the burden to

16   demonstrate it has a legitimate reason to retain the property. *United States v. Gladding*, 775 F.3d

17   1149, 1152 (9th Cir. 2014) (citing *United States v. Martinson,* 809 F.2d 1364, 1369 (9th Cir.

18   1987); *United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir. 2013)).

19   The government notes 10 days passed between the date the Ninth Circuit's mandate was

20   filed and the date Defendant filed his motion and less than 60 days to the date the government

21   filed its opposition. (ECF No. 181 at 1, 4.) The government argues "a reasonable time to return

22   the property in the normal course of closing-out the criminal case has not yet passed." (ECF No.

23   181 at 4.) The government has not acted in "callous disregard" by not yet returning lawfully

24   seized property. *In re Chandler*, 270 F.R.D. 576, 579 (S.D. Cal. 2010) (citing *Account Services

25   Corp. v. United States,* 2009 WL 2755649 (S.D. Cal. 2009)).

26   The government also notes Defendant requests return of his wife's passport which would

27   be returned to the passport holder not Defendant. (ECF No. 181 at 4.) The government adds that

28   Defendant moves for the return of $4,000 U.S. Currency but does not provide any explanation for

this amount.  (ECF No. 181 at 4.)  The government attaches a copy of a Declaration of Administrative Forfeiture dated March 2, 2013, stating that $7,369.00 U.S. Currency was seized in this matter pursuant to civil forfeiture, notice sent, and no claim was filed in a timely manner, so that property was forfeited.  (ECF No. 181-2).  The government has shown Defendant does not have an individual interest in all the property he identifies in his motion and may not be entitled to the return of the property.

Defendant has another avenue available to him.  The government states that "[i]n the vast majority of cases, the return of seized personal property at the end of the case is handled informally by the agents contacting the property owner or the owner contacting the involved law enforcement agency."  (ECF No. 181 at 5.)  The government explains investigative agencies must return or "dispose of unneeded materials after a case is closed so that the case can be fully administratively closed and unneeded materials no longer clogs-up evidence rooms and storage space."  (ECF No. 181 at 5.)  When an administrative remedy is available, the Court need not exercise its discretion to craft an equitable remedy.  *U.S. Currency*, $83,310.78, 851 F.2d at 1235.  Defendant can pursue return of the property directly with the F.B.I. office, and Defendant may renew his motion if he is unable to resolve the issue administratively.

Accordingly, the Court DENIES without prejudice Defendant's Motion for Return of Property (ECF No. 179).

IT IS SO ORDERED.

Dated: April 12, 2018

Troy L. Nunley
United States District Judge