UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO GALVAN,<br><br>Defendant. | No. 2:12-cr-00115-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Alejandro Galvan's ("Defendant") Motion for Compassionate Release due to the COVID-19 pandemic. (ECF No. 186.) The Government filed an opposition. (ECF No. 187.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

On August 18, 2016, Defendant pleaded guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). (ECF Nos. 144, 147.) On November 10, 2016, Defendant was sentenced to 196 months of imprisonment and 60 months of supervised release. (ECF No. 161.) Defendant timely filed a notice of appeal. (ECF No. 163.) Defendant has served approximately 98 months in prison and is currently serving his sentence at North Lake Correctional Facility ("North Lake CF") with a projected release date of January 30, 2026.

///

1    On May 6, 2020, Defendant filed the instant *pro se* motion for compassionate release from his confinement at North Lake CF to home detention due to the COVID-19 pandemic.[1] Defendant is 43 years old and claims only that he previously contracted "Valley Fever" which impacts his lungs.[2]  In opposition, the Government argues Defendant's motion must be denied because Defendant failed to exhaust administrative remedies before filing his motion and has not met his burden of showing a "extraordinary and compelling" reason warranting relief.

   Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

   In the instant case, there is no evidence Defendant filed a compassionate release request with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).  Further, Defendant did not address his failure to exhaust administrative remedies in his motion nor did he file a reply to the Government's opposition on the issue.  Defendant's failure to meet the threshold exhaustion requirement provides grounds to deny his motion without reaching the merits.  *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Eberhart*, No. 13-CR-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (declining to excuse Defendant's failure to exhaust administrative

---

[1]    Defendant requests "compassionate release," but Defendant fails to cite to statutory authority under which he seeks early release.  Absent any reference to statutory authority, the Court construes Defendant's motion as being brought under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[2]    Defendant did not file any medical records in support of his motion.  Further, the presentence report ("PSR") indicates he is in good health aside from a 2012 anterior cruciate ligament (ACL) injury.  (ECF No. 151 at 12.)  The medical records provided by the Government indicate Defendant has unspecified heart disease and did contract Valley Fever at some point.

remedies in denying a COVID-19 compassionate release motion).

However, Defendant is not entitled to relief even if the Court reaches the merits of his motion. Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant has not met his burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Although Defendant claims he previously had Valley Fever, Defendant fails to provide evidence that this previous illness puts him at higher risk should he contract COVID-19. Defendant also fails to argue his medical conditions qualify as "extraordinary and compelling" within the context of U.S.S.G. § 1B1.13, cmt. n. 1(A). Absent any evidence or argument to the contrary, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility. *Id.* Moreover, at age 43, Defendant does not satisfy the statute's age-related conditions. *Id.*

As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *Eberhart*, 2020 WL 1450745, *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement[.]"). Defendant fails to provide case-specific facts establishing his eligibility for compassionate release and does not offer any other statutory grounds for his release. In sum, the Court declines to grant Defendant's

request for compassionate release because Defendant failed to exhaust administrative remedies and did not meet his burden to show there are "extraordinary and compelling reasons" for his release.

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 186.)

IT IS SO ORDERED.

DATED:  May 28, 2020

Troy L. Nunley
United States District Judge